U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 09 2009
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THERESA PRYOR                                                         PLAINTIFF

v.                            Civil No. 09-5131

JOHN DENTON;
MATTHEW MYERS;                                       DEFENDANTS
and PMERILOPN.COM

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is an action submitted by the plaintiff on July 6, 2009, for filing. The clerk is directed to file the *in forma pauperis* application and complaint. Before the court is plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that plaintiff's *in forma pauperis* application be denied and her complaint be dismissed.

### Background

According to the allegations of the complaint, defendants lead the plaintiff to believe that PowerCashSecret.com was a legitimate way to make $11,000 in eleven days for only $49.95. Plaintiff states she sent the $49.95 to the defendants by money order on June 19, 2009. As of July 2, 2009, she states the money order still had not been cashed. Plaintiff attempted to get a cash advance of $200 from Pmerilopn.com and was unable to do so. Plaintiff provides a phone number with a area code (702) located in Las Vegas, Nevada for Pmerilopn.com. She asserts that her telephone calls and e-mails have not been returned.

Plaintiff has attached to her complaint copies of e-mails she received from Matt Myers. These e-mails indicate he was marketing and promoting a "new system" that he asserted would allow plaintiff and presumably others to "virtually create C@sh-On-Demand from the Internet." Plaintiff was told she could check the system out by going to:

AO72A
(Rev. 8/82)

http://www.PowerCashSecret.com. Myers' address was given as MyEbizNow.Net Inc., 2316 Pine Ridge Rd. #403, Naples, Florida 34109.

Plaintiff also attached e-mails she received from John Denton (support@connection2wealth.com). He indicated he would be sending her e-books, courses, software and live teleseminars on how to explode her income online. Denton's address was given as MyEbizNow.Net Inc., 2316 Pine Ridge Road #403, Naples, Florida 34109.

As relief, plaintiffs asks that defendants be directed to provide her with a full refund of all money sent to them on June 19th. Plaintiff utilized a form complaint when filing this action. She indicated that she was filing this action pursuant to the Americans with Disabilities Act. She indicates that the defendants failed to promote her.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B) the court has the obligation to screen any complaint in which an individual seeks to proceed *in forma pauperis*. In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915(e)(2)(B)(i-iii)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

The information supplied by plaintiff appears to be sufficient to determine that plaintiff would qualify by economic status for *in forma pauperis* status. She is not employed, currently

AO72A
(Rev. 8/82)

has a negative balance in her checking account, has no assets, and only gets a small disability check each month.

However, the claims are clearly subject to dismissal as they are frivolous or fail to state claims upon which relief may be granted. First, there is clearly no employment discrimination claim stated under the Americans with Disabilities Act. In this case, plaintiff purchased a service offered by defendants; their "system" and advice on how to make money quickly over the Internet. There was no employment relationship between plaintiff and the defendants. 42 U.S.C. § 12112(4)(an employee is an "individual employed by an employer." *See e.g., Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006).

Second, no other basis of federal court jurisdiction exists. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).

Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). Clearly, the amount in controversy requirement is not met in this case.

On the civil cover sheet, plaintiff has checked the following natures of suit: other contract; contract product liability; franchise; other fraud; truth in lending; banks and banking; commerce; consumer credit; customer challenge (12 U.S.C. § 3410); and Economic Stabilization Act. These natures of suit either do not form an independent basis of federal court jurisdiction or are clearly inapplicable to this case. In the absence of the existence of diversity of citizenship jurisdiction, the existence of a breach of contract or fraud cause of action does not provide this court with jurisdiction over the case.

With respect to the statutes checked by plaintiff on the cover sheet, as noted above, they are either inapplicable or the plaintiff has not alleged any facts to support a claim under the statutes. For instance, the customer challenge provisions of the Right to Financial Privacy Act of 1978 apply only when a customer of a financial institution challenges a government subpoena served on a bank to obtain the financial records of individual customers. 12 U.S.C. § 3410. Similarly, the Economic Stabilization Act was the administrative enforcement mechanism by which the Department of Energy obtained restitution from alleged violators of the Emergency Petroleum Allocation Act which gave the federal government authority to establish and administer a program of mandatory price controls for crude oil and related petroleum products. Further, plaintiff has not alleged that she borrowed any money from a bank or engaged in any consumer credit transaction.

## Conclusion

Accordingly, it is the recommendation of the undersigned that plaintiff's request to proceed *in forma pauperis* be denied and plaintiffs' complaint be dismissed without prejudice.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is**

AO72A
(Rev. 8/82)

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 9 day of July 2009.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE